**HOURIGAN, KLUGER & QUINN**
A PROFESSIONAL CORPORATION

BY:    RICHARD M. WILLIAMS, ESQUIRE          ATTORNEYS FOR PLAINTIFF
       KEVIN M. WALSH, JR., ESQUIRE

IDENTIFICATION NOS.    72945 (RMW); 206334 (KMW)

LAW OFFICES
600 THIRD AVENUE
KINGSTON, PA 18704-5815
(570) 287-3000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CELLCO PARTNERSHIP | : | CIVIL ACTION - LAW |
| d/b/a VERIZON WIRELESS | : | |
| One Verizon Way | : | |
| Basking Ridge, NJ   07920, | : | |
| | : | |
| Plaintiff | : | NO: |
| | : | |
| vs. | : | |
| | : | |
| THE WHITE DEER TOWNSHIP | : | |
| ZONING HEARING BOARD | : | |
| 2191 Creek Road | : | |
| New Columbia, PA   17856 | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

The Plaintiff, Cellco Partnership d/b/a Verizon Wireless, hereby files this

Complaint against the Defendant, The White Deer Township Zoning Hearing

Board, and petitions this Court as follows:

2473766.1

## I.   INTRODUCTION

1.     This action is brought pursuant to the Telecommunications Act of 1996 (Pub. L. 104-104 Section 704, 110 Stat. 56, (codified) at 47 U.S.C. §332(c)) (the "Telecommunications Act of 1996").

2.     This action relates to the Defendant's denial of the Plaintiff's application for dimensional variances for the proposed construction of a wireless telecommunications facility including a 195' monopole having an overall height of 199' factoring in a 4' lightning rod and associated equipment and improvements including a 4' x 10' concrete equipment pad, equipment cabinets, 4' x 7' concrete generator pad, propane tank, cable ice bridge and utility board on property located in White Deer Township, Union County, Pennsylvania (the "Township"), belonging to Willard E. Simpler, III and Nancy S. Messimer.

3.     The Defendant's denial of the Plaintiff's application violates the Plaintiff's rights under the Telecommunications Act of 1996.

## II.   JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

5.     Venue is proper in this Court under the Telecommunications Act of 1996 and 28 U.S.C. §1391 because the communications site is located within this

2

2473766.1

District, the Defendant is a resident of this District and the acts described herein occurred within this District.

### III.  PARTIES

6.     The Plaintiff is Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless" or the "Plaintiff"), having a business address of One Verizon Way, Basking Ridge, New Jersey 07920.

7.     The Defendant is the White Deer Township Zoning Hearing Board (the "Board"), a quasi-judicial board organized and existing pursuant to the laws of the Commonwealth of Pennsylvania and the Pennsylvania Municipalities Planning Code, having offices located at 2191 Creek Road, New Columbia, Pennsylvania 17856.

### IV.  FACTS

8.     The Plaintiff, Cellco Partnership d/b/a Verizon Wireless, hereby incorporates paragraphs 1-7 by reference as though more fully set forth herein at length.

9.     The Plaintiff has been authorized by the Federal Communications Commission ("FCC") to operate a wireless communications system within its designated frequency spectrum in Union County, Pennsylvania.

3

2473766.1

10.     Pursuant licenses granted by the Federal Communications Commission, the Plaintiff is required to provide wireless telephone services to its customers.

11.     The Plaintiff operates its system within the boundaries established by FCC rules and regulations, and complies with all tower marking and lighting requirements established by the Federal Aviation Administration ("FAA") and utilizes only equipment that has been approved by the FCC and the FAA.

12.     Pursuant to its FCC license, the Plaintiff must ensure that its telephone signal strength and wireless capacity is sufficient to provide proper reception and communication within its licensed area.

13.     Currently in the White Deer Township area, there is an absence of, or a very weak, signal strength and increased wireless traffic which results in poor wireless telephone and data service.

14.     The Plaintiff's engineers have determined that the installation of a wireless communications facility, which would include a 195' monopole, is necessary to improve signal strength in the White Deer Township area.   The required height of such a communications tower would be 195' above-ground elevation.

4

2473766.1

15.    Accordingly, in order to better serve the residents of White Deer Township and the general public, the Plaintiff proposed to construct a new wireless communications facility on a 65' x 40' parcel of land owned by Willard E. Simpler, III and Nancy S. Messimer, located at 9880 White Deer Pike, New Columbia, Pennsylvania 17856 (the "Premises").

16.    On August 18, 2020, and in accordance with the procedures prescribed by the Pennsylvania Municipalities Planning Code and the Zoning Ordinance of White Deer Township, Union County (the "Ordinance"), the Plaintiff submitted an application to the Defendant for dimensional variances in connection with its request to construct a communications facility on the Premises (the "Application").

17.    In the Application, Verizon Wireless requested: (i) a variance from Section 307 of the Ordinance to allow a lot size of 0.0597 acre (minimum 1.0 acre per principal use required; 0.0597 acre requested); (ii) a variance from Section 432(H) of the Ordinance to allow a tower setback of 40' from the Northern property line (minimum 219' required; 40' requested); (iii) a variance from Section 432(H) of the Ordinance to allow a tower setback of 39' from the Eastern property line (minimum 219' required; 39' requested); (iv) a variance from Section 432(H) of the Ordinance to allow a tower setback of 82' from an existing structure (wood

5

pavilion) (minimum 219' required; 82' requested); (v) a variance from Section 432(H) of the Ordinance to allow a tower setback of 134' from an existing structure (cabin) (minimum 219' required; 134' requested); (vi) a variance from Section 432(H) of the Ordinance to allow a tower setback of 131' from an existing structure (block shed) (minimum 219' required; 131' requested); and (vii) a variance from Section 432(H) of the Ordinance to allow a tower setback of 126' from an existing structure (privy) (minimum 219' required; 126' requested).

18.    The Plaintiff presented substantial testimony and evidence at a public hearing in support of its request on October 14, 2020.

19.    At the conclusion of the October 14, 2020, hearing, the Board orally denied the Plaintiff's Application.

20.    Thereafter, on November 27, 2020, the Board issued its written decision (the "Decision") memorializing its denial of the Application.   (A true and correct copy of the Board's Decision is attached hereto as Exhibit "A" and is incorporated herein by reference).

21.    The denial of the Application by the Board is in violation of the Plaintiff's rights under the Telecommunications Act of 1996.

22.    The Board's denial of the Application acts as a prohibition of wireless service in violation of the Telecommunications Act of 1996.

6

2473766.1

23.   In addition, the Board's findings and conclusions are not supported by substantial evidence and otherwise are in error as a matter of law.

As a result of the Defendant's actions, the Plaintiff has been damaged irreparably and does not have an adequate remedy at law.

## V.   COUNT I

## VIOLATION OF THE TELECOMMUNICATIONS ACT OF 1996 PROHIBITION OF WIRELESS SERVICE

24.   The Plaintiff, Cellco Partnership d/b/a Verizon Wireless, hereby incorporates paragraphs 1-24 by reference as though more fully set forth herein at length.

25.   On February 8, 1996, the Telecommunications Act of 1996, became effective; 47 U.S.C. §332(c), titled "National Wireless Telecommunications Siting Policy" and provides, in pertinent part:

> (i)   The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof -
>
> > (I)   shall not unreasonably discriminate among providers of functionally equivalent services; and
> >
> > (II)   shall not prohibit or have the effect of prohibiting the provision of personal wireless services.

2473766.1

. . .

    (iii)   Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities and shall be in writing and supported by substantial evidence contained in a written record.

    (iv)   No State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such admissions.

47 U.S.C. §332(c)(7)(B) (1934, as amended 1996) (emphasis added).

26.    As an entity designated by the FCC to provide personal wireless services, the Plaintiff is entitled to the protections of the Telecommunications Act of 1996.

27.    As the Plaintiff's Application constitutes a request to place and construct personal wireless service facilities, the Plaintiff's Application is entitled to the protection of the Telecommunications Act of 1996.

28.    Congress enacted the Telecommunications Act of 1996 to provide "a pro-competitive, de-regulatory national policy framework designed to rapidly accelerate private sector deployment of advanced telecommunications and information technologies and services to all Americans by opening up all

8

2473766.1

telecommunications markets to competition." <u>APT Pittsburgh Ltd. Partnership v.</u> <u>Penn Township</u>, 196 F.3d 469, 473 (3d. Cir. 1999)(citations omitted).

29.    The intent of Congress was to reduce "the impediments imposed by local governments upon the installation of facilities for wireless communication, such as antenna towers." <u>City of Rancho Palos Verdes v. Abrams</u>, 544 U.S. 113, 115, 125 S. Ct. 1453, 161 L. Ed. 2d 316 (2005).

30.    Section 332(c)(7)(B)(i)(II) of the Telecommunications Act of 1996 provides that "regulation of the placement, construction, and modification of personal wireless service facilities by any state or local government . . . shall not prohibit or have the effect of prohibiting the provision of personal wireless services."

31.    The denial of the Application by the Board prohibits and/or has the effect of prohibiting the provision of personal wireless services.

32.    The Board's denial materially inhibits Verizon Wireless's ability to engage in a variety of activities related its provision of a covered service.

33.    For example, Verizon Wireless's proposed facility will fill a significant gap in service.

34.    Verizon Wireless is experiencing a significant "gap" or lack of reliable service along the I-80 corridor in the Township.

35.     In fact, in the Decision, the Board expressly recognizes that a significant gap in wireless service exists when it concludes that, "[t]he location of the subject property is significant for a number of reasons.  *First, it is situate in an area where there is a significant gap in telecommunications services*. …" (See Exhibit "A", p. 3)(emphasis added).

36.     The existence of significant "gap" or lack of reliable service along the I-80 corridor is further recognized by the Board when it concludes that, "*[t]he Applicant adequately demonstrates there is a "gap" in wireless communication services that the proposal is designed to alleviate*."   (See Exhibit "A", p. 3)(emphasis added).

37.     Moreover, the design, location and proposed tower height are the least intrusive means of providing adequate service for Verizon Wireless's subscribers.

38.     The Ordinance codifies a wireless provider's responsibility to evaluate less intrusive alternatives and establishes a list of priorities for new sites as follows:

> Wireless Telecommunication Facilities shall be located, sited and constructed in accordance with the following list of locations which are set forth in the order of priority:
>
> a.     Existing Wireless Telecommunication Towers without increasing the height of the Tower;

10

b.   Structures already used for Wireless Telecommunication without increasing the height of the structure;

c.   Other existing structures without increasing the height of the structure.

d.   Lands and structures owned by White Deer Township, Union County, Pennsylvania.

e.   Existing Wireless Telecommunication Towers where the height is increased.

f.   Other lands.

(Ordinance, Section 432(C)(1)).

39.   In addition, the Ordinance requires an applicant to provide an inventory of all existing towers within a four (4) mile radius of the proposed site as follows:

> The written explanation referred to in 432C.2 above shall include an inventory of all existing Wireless Telecommunication Facilities within four (4) miles of the proposed site, unless the applicant can demonstrate that some other distance is more reasonable, and shall include an explanation as to why an existing facility cannot be used for the proposed facility. The requested co-location shall be for the minimum Antenna array technologically required to provide service primarily and essentially within the Township.

(Ordinance, Section 432(C)(5)).

11

40.     There are no existing towers within a four (4) mile radius of the proposed site.

41.     In addition, there are no existing tall structures within a four mile radius of the proposed facility.

42.     There are no existing properties owned by White Deer Township within a four (4) mile radius of the proposed facility.

43.     In accordance with White Deer Township's list of priorities, therefore only remaining location for a new communications facility is "other lands".

44.     Verizon Wireless had a limited number of "other lands" from which to choose.   The vast majority of the land in the western portion of White Deer Township is owned by the Pennsylvania Department of Conservation and Natural Resources ("DCNR").

45.     DCNR has a moratorium on private tower construction on its land. Almost the entire Woodland Zoning District adjacent to the location of the Premises is comprised of land owned by DCNR.

46.     Verizon Wireless identified several, privately owned properties within a one (1) to three (3) mile radius of the Premises for the location of a possible facility.

2473766.1

47.    With the exception of one property, each of the other site candidates identified by Verizon Wireless contained less acreage than the proposed location for the facility.

48.    The largest parcel not owned by DCNR proximate to the location of the facility in the Woodland Zoning District is the subject property.

49.    The remaining, single property which does not contain less acreage than the subject location is located outside of Verizon Wireless's search ring; *i.e.*, 2.6 miles to the east of the proposed Premises.

50.    Such property is too far away to satisfy Verizon Wireless's service objectives.

51.    In addition, the difference in acreage been the chosen property and the property located 2.6 miles to the east is negligible.   The location for the proposed site contains 1.986 acres.   The property located 2.6 miles to the east contains 2.06 acres.

52.    Because the alternate properties are smaller than the proposed location, equal or greater variance relief would be required for the installation of a communications facility.

53.    For example, to satisfy the Ordinance's setback regulations, a property would need to have a diameter of 440 feet.   Even the largest, alternate

13

parcels, however, would require greater setback relief than that requested by the Plaintiff in the Application.

54.     The Ordinance also permits wireless communication facilities in the Agricultural and Commercial/Manufacturing Zoning Districts.

55.     The closest Agricultural Zoning District is approximately 5.8 miles from the location of the proposed facility.

56.     A facility located in any of the Township's Agricultural Zoning Districts would not satisfy Verizon Wireless's service gap.

57.     The Agricultural Zoning Districts are simply too far east to address Verizon Wireless's service gap.

58.     In addition, the closest Commercial/Manufacturing Zoning District to the proposed facility is approximately 8 miles from the location of the proposed facility.

59.     The Commercial/Manufacturing Zoning Districts likewise are too far to address Verizon Wireless's service gap.

60.     In summary, therefore, sites within the Commercial/Manufacturing and Agricultural Districts are too far away to satisfy Verizon Wireless's service gap.   The limited available sites within the Woodland Zoning District would require variance relief equal or greater to that requested by Verizon Wireless in the

14

Application.   In fact, the largest parcel not owned by DCNR proximate to the location of the facility in the Woodland Zoning District is the subject location.

61.    DCNR has imposed a moratorium on private tower construction on its land.   Accordingly, DCNR properties simply are not available to Verizon Wireless.

62.    The extensive testimony of Verizon Wireless's witnesses established the exhaustive process by which Verizon Wireless examined alternative locations for new structures.   The conclusion of the exhaustive reviews is that there are no viable alternatives for the proposed facility other than the location proposed in the Application.

63.    As a consequence of the Board's denial of the Application, the Plaintiff will be unable to provide the communications facility necessary to provide adequate communications service to its customers as required by the FCC.

64.    The Defendant's denial of the Plaintiff's Application has the effect of prohibiting the provision of personal wireless services in violation of the Telecommunications Act of 1996.

WHEREFORE, the Plaintiff, Cellco Partnership d/b/a Verizon Wireless, respectfully requests that this Honorable Court:

(a)    review the record of the Application and the hearing of the Board on October 14, 2020;

15

2473766.1

(b)   find the Board in violation of the
Telecommunications Act of 1996 by concluding
that the Decision prohibits, or has the effect of
prohibiting, wireless service;

(c)   reverse the Decision of the Board by granting the
Plaintiff's Application to construct a
communications facility on the Property;

(d)   award the Plaintiff all of its costs, expenses and
legal fees associated with the commencement and
prosecution of the instant action; and

(e)   award such other relief as the Court, in its sound
discretion, deems necessary and appropriate.

## VI.   COUNT II

## VIOLATION OF THE TELECOMMUNICATIONS ACT OF 1996
## DECISION NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

65.   The Plaintiff, Cellco Partnership d/b/a Verizon Wireless, hereby

incorporates paragraphs 1-65 by reference as though more fully set forth herein at

length.

66.   The Defendant's denial of the Plaintiff's Application is not supported

by substantial evidence as required by the Telecommunications Act of 1996.

67.   As a consequence of the Board's Decision, the Plaintiff will be unable

to provide the communications facility necessary to provide adequate

communications service to its customers as required by the FCC.

16

WHEREFORE, the Plaintiff, Cellco Partnership d/b/a Verizon Wireless,

respectfully requests that this Honorable Court:

(a)   review the record of the Application and the
hearing of the Board on October 14, 2020;

(b)   find the Board in violation of the
Telecommunications Act of 1996 by concluding
that the Decision is not supported by substantial
evidence;

(c)   reverse the Decision of the Board by granting the
Plaintiff's Application to construct a
communications facility on the Property;

(d)   award the Plaintiff all of its costs, expenses and
legal fees associated with the commencement and
prosecution of the instant action; and

(e)   award such other relief as the Court, in its sound
discretion, deems necessary and appropriate.

17

2473766.1

Respectfully submitted,

**HOURIGAN, KLUGER & QUINN, P.C.**

By: */s Richard M. Williams*

RICHARD M. WILLIAMS, ESQUIRE
PA. ID. NO.: 72945
KEVIN M. WALSH, JR., ESQUIRE
PA. ID. NO.: 206334
Attorneys for the Plaintiff,
Cellco Partnership d/b/a Verizon Wireless

600 Third Avenue
Kingston, PA 18704
(570) 287-3000 (Telephone)
(570) 287-8005 (Facsimile)
rwilliams@hkqlaw.com
kwalsh@hkqlaw.com

18